An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MANUEL D. ORELLANA,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 59439<br><br>**FILED**<br><br>APR 0 9 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Manuel Orellana contends that the district court erred by denying his claims of ineffective assistance of counsel without an evidentiary hearing. Orellana has the burden of proving that counsel's performance was deficient and resulted in prejudice. See Means v. State, 120 Nev. 1001, 1011-12, 103 P.3d 25, 32–33 (2004) (explaining the Strickland test for ineffective assistance of counsel). Orellana is not entitled to an evidentiary hearing unless his claims are not belied by the record and supported by specific factual allegations that would, if true, have entitled him to relief. Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10429

First, Orellana contended that trial counsel was ineffective for failing to request an independent psychological evaluation of the victim. Because Orellana failed to show that such an evaluation would have resulted in a different outcome at trial, we conclude that the district court did not err by denying this claim. Furthermore, Orellana was not entitled to an evidentiary hearing on this claim because, even if he established the deficiency of counsel, he failed to allege specific facts satisfying his burden of proving resulting prejudice.[1] See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (explaining that petitioner must show both deficient performance and resulting prejudice in order to obtain relief).

Second, Orellana contended that trial counsel was ineffective for failing to object to the State's comments on Orellana's constitutional right to remain silent and appellate counsel was ineffective for failing to raise this issue on appeal. Our review of the record reveals that trial counsel did object to both comments and thoroughly clarified the earlier comment made by the State during voir dire. Therefore, we conclude that trial counsel's performance was not deficient. We also conclude that Orellana did not satisfy his burden of proving that appellate counsel's failure to include one of the two comments in his appellate brief resulted in prejudice. See Foster v. State, 121 Nev. 165, 170, 111 P.3d 1083, 1087

---

[1]We also note that Orellana failed to allege specific factual allegations supporting his other claims of ineffective assistance of counsel that would, if true, entitle him to relief. Therefore, Orellana was not entitled to an evidentiary hearing on these claims.

(2005) (explaining that the court need not consider both prongs of the Strickland test if the petitioner makes an insufficient showing on either prong). Accordingly, we conclude that the district court did not err by denying this claim.

Third, Orellana contended that trial counsel was ineffective for attempting to quantify the reasonable doubt instruction. We conclude that counsel's comment did not lower the State's burden of proof and Orellana has failed to satisfy his burden of proving resulting prejudice. Accordingly, the district court did not err by denying this claim.

Fourth, Orellana contended that trial counsel was ineffective for failing to make a Confrontation Clause objection to a detective's reference to the out-of-court statement of the victim's parents that the victim was scared to return home and appellate counsel was ineffective for failing to raise this issue on appeal. Orellana also contended that appellate counsel was ineffective for failing to raise the same claim with respect to the victim's aunt's testimony about the victim's out-of-court statements. The Confrontation Clause prohibits the admission of testimonial statements of witnesses who are unavailable and not subject to cross-examination. See Vega v. State, 126 Nev. ___, ___, 236 P.3d 632, 637 (2010); see also California v. Green, 399 U.S. 149, 161 (1970) ("[W]e note that none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial."). The victim's parents and the victim herself all testified and were cross-examined by trial counsel. Accordingly,

SUPREME COURT
OF
NEVADA

(O) 1947A

3

we conclude that trial and appellate counsel's performance was not deficient in this regard and the district court did not err by denying this claim.

Having considered Orellana's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Michael Villani, District Judge
     Christopher R. Oram
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk